UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TARJUAN GODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:22-cv-01130-SHM-tmp |
| | ) | |
| SHERIFF JOHN MEHR, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING CASE;
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING GODWIN OF THE APPELLATE FILING FEE;
NOTIFYING GODWIN OF THE COURT'S STRIKE RECOMMENDATION UNDER 28
U.S.C. § 1915(g);
AND CLOSING CASE**

On June 14, 2022, Plaintiff Tarjuan Godwin filed (1) a pro se complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and (2) a motion for leave to proceed in forma pauperis (ECF No. 2). When Godwin filed the complaint, he was confined at the Madison County Jail (the "MCJ"), in Jackson, Tennessee.  (ECF No. 1 at PageID 2.)  On June 15, 2022, the Court granted leave to proceed in forma pauperis and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA").  (ECF No. 4 (the "IFP Order").)  The Court warned that "[i]f Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address."  (*Id.* at PageID 13.)

On February 23, 2024, the Court (1) dismissed the Complaint (ECF No. 1) without prejudice for failure to state a claim, and (2) granted leave to amend within twenty-one (21) days.

(ECF No. 6 ("the Screening Order") at PageID 18, 20-21.)  The Clerk mailed a copy of the Screening Order to Godwin at his address of record at the MCJ.  The Screening Order warned "[i]f Godwin fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment."  (*Id.* at PageID 22.)

Godwin's mail was returned to the Court as undeliverable on March 13, 2024.  (ECF No. 7.)  Godwin has not provided a change of address.

Godwin's deadline to submit amended claims was Friday, March 15, 2024.  He has not submitted amended claims or sought an extension of time to do so.

For these reasons, and for the reasons discussed in the Screening Order, the Court DISMISSES this case with prejudice in its entirety.  The Court recommends that this dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  (*See also* ECF No. 6 at PageID 22 (warning Godwin that if he failed to amend his claims in a timely manner, the Court would dismiss the case, enter judgment, and recommend that the dismissal be treated as a strike under § 1915(g)).)

Judgment will be entered in accordance with the Screening Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Godwin would not be taken in good faith.  If Godwin nevertheless chooses to file a notice of appeal, Godwin must either: pay the entire $605 appellate filing fee; or, if he is confined at that time, submit a new *in forma pauperis* affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED this 11th day of April, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE